HONORABLE TIMOTHY W. DORE

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>HUNTER HOSPITALITY, LLC,<br><br>Debtor. | No. 15-17090<br><br>EX PARTE MOTION FOR ORDER DIRECTING CLAIMANTS TO COMPLY WITH BANKRUPTCY RULE 2019 |

Hunter Hospitality, LLC, debtor-in-possession, by and through its undersigned attorneys, moves this Court on an ex parte basis for entry of an order directing counsel for two creditor groups that filed Claim Nos. 6 and 7 in this case (the "Claimants") to file a verified statement of representation that complies with Bankruptcy Rule 2019.

At a hearing on August 19, 2016, the Court considered the debtor's motion for disallowance of Claim No. 6 (Doc 117), one of two claims filed by the Claimants in this case. At that hearing, the Court indicated that it was intending to disallow the claim but was concerned that Rule 7001(2) might require an adversary proceeding to resolve the asserted lien claim. To that end, the Court continued the hearing for a week, to August 26, and directed counsel for the Claimants to advise at the continued hearing whether the Claimants would require such an adversary proceeding and, if so, whether



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

counsel would accept service on behalf of its clients or would require service of a summons and complaint pursuant to applicable bankruptcy rules.

At the August 26 hearing, counsel for the Claimants advised the Court that he had no authority other than to insist that an adversary proceeding be commenced. The Court then provided counsel with yet another week to update or supplement its Disclosure of Representation (Doc 70) to (i) clarify the identity of each client, and (ii) provide the addresses of each client so they could be served.

On September 2, 2016, counsel filed a pleading styled "Statement of Authority to Accept Service" (Doc.154) (the "Statement"). Unfortunately, the Statement falls well short of what this Court directed counsel to do. The Statement refers to "Exhibit 1" and "Exhibit 2," although none of the three pages that are appended to the Statement is marked as an exhibit. The Statement in its second sentence also refers to Claimants that are "highlighted on the first page of each mortgage," but there is no highlighting on any of the pages. Also, the last of the three pages attached to the Statement purports to be a list of the Claimants that counsel represents and for whom counsel has authority to accept service, but no service addresses were provided for any other claimants. Finally, counsel has still not cleared up the discrepancy between the identities of Claimants as set forth in the Statement as opposed to how those (apparently) same Claimants are identified in the captions of pleadings that have been filed in other courts.

On September 6, 2016, the undersigned sent counsel for the Claimants an email requesting that the information in the Statement be promptly supplemented. A copy of that email is attached hereto. Counsel did not respond to that request in any way.

The Claimants have avoided substantive rulings and otherwise created significant delay in this case at comparatively little cost. The latest filing is the most recent example of that pattern of activity.



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Bankruptcy Rule 2019(c)(2) requires creditor groups such as the Claimants to file a verified statement disclosing, among other things, the name and address of each member of that group. Bankruptcy Rule 2019(e) provides for sanctions for failing to comply "with any provision of" Rule 2019. Despite that this case has been pending for several months and this Court's specific direction to counsel to provide that information, it still has not been provided.

The debtor cannot proceed with the filing and service of the adversary proceeding that the Claimants have required until a verified statement in compliance with Bankruptcy Rule 2019 is filed. The information can be provided at the expense of about five minutes of attorney time. The debtor therefore requests that the verified statement, in full compliance with Bankruptcy Rule 2019, be filed with the court not later than two business days following entry of an order on this Motion.

DATED this 8th day of September, 2016.

BUSH KORNFELD LLP

By /s/ *James L. Day*
James L. Day, WSBA #20474
Attorneys for Hunter Hospitality, LLC.



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104